IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY LANZA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-301 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER | ) | |
| OF SOCIAL SECURITY | ) | |
| Defendant. | ) | |

AMBROSE, Chief District Judge.

## OPINION

### I.     Introduction

Before this court for consideration is an appeal from the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying the claims of Kimberly Lanza ("Plaintiff" or "claimant") for Disability Insurance Benefits under Title II, 42 U.S.C. §§423, et. seq. and Title XVI, 42 U.S.C. §§1381, et. seq. of the Social Security Act. ("SSA"). Plaintiff argues that the decision of the administrative law judge ("ALJ") should be remanded for reconsideration. (Docket. No. 11 at 27). Specifically, Plaintiff argues that the ALJ disregarded the heightened duty of care owed to Plaintiff as an unrepresented claimant, by failing to give proper consideration to the opinions of Plaintiff's treating physicians and by relying upon the opinions of a vocational expert, after posing an incomplete and inaccurate hypothetical question. (Id). Therefore, Plaintiff argues, the determination of the ALJ should not stand, but should be remanded for further consideration.

(Id). Defendant argues that the ALJ properly complied with her duty to develop the record, (Docket. No. 13 at 10), that the ALJ's determination is supported by substantial evidence, (Docket. No. 13 at 13), and that the ALJ posed a complete hypothetical to the vocational expert. (Docket. No. 13 at 17).

The parties have filed cross motions for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Upon analysis and consideration of the parties' submissions, and for the following reasons, I am granting Plaintiff's Motion for Summary Judgment (Docket. No. 10) and am denying Defendant's Motion for Summary Judgment. (Docket No. 12). I will remand this case to the ALJ for further consideration.

## II. Procedural History

Plaintiff protectively filed a claim for SSI and DIB on March 2, 2005, (R. at 70), alleging a disability due to mental illness and back pain, with an onset date of December 24, 2004. (Id). Plaintiff's claim was initially denied on June 20, 2005. (R. at 9). A timely request for a hearing before an ALJ was filed by Plaintiff on July 7, 2007 (R. at 35) and a hearing was initially scheduled for January 2, 2007. (R. at 35). The hearing was thereafter rescheduled for February 8, 2007. (R. at 30). Plaintiff appeared at the hearing without counsel. (R. at 285). At the hearing, the ALJ agreed that Plaintiff should obtain an attorney and secure updated medical records from her psychiatrist and records pertaining to her back problems. (R. at 285). The hearing was rescheduled for April 4, 2007, to permit Plaintiff to do so. (R. at 285). Plaintiff did not appear at the April 4, 2007 hearing. (R. at 289). The hearing was again rescheduled for May 18, 2007. (R. at 291). Plaintiff appeared and testified at the hearing held on May 18, 2007, without counsel. (R. at 9; 291).

At the time of the hearing before the ALJ, Plaintiff was fifty years old. (R. at 297). She

2

testified that she has a high school education. (R. at 298). She also testified that she has past relevant work experience as a cashier. (R. at 303). A vocational expert ("VE"), Dr. Cohen, also testified as to the Plaintiff's past relevant work and to the jobs available to an individual in the national economy, based on the hypothetical regarding Plaintiff's limitations posed by the ALJ. (R. at 317-318).

In her decision, dated September 21, 2007, (R. at 9- 20), the ALJ determined that Plaintiff is not disabled under §§ 216(I), 223(d) or 1614(a)(3)(A) of the SSA. (R. at 20). Additionally, the ALJ found that Plaintiff has the following severe impairments: disorders of the back and a mood disorder. (R. at 11). However, the ALJ determined that neither of these impairments meet or medically equal one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appdx. 1. (R. at 12). Additionally, the ALJ determined that Plaintiff has the residual functional capacity to perform light work, but is unable to perform any past relevant work. (R. at 17-18).

Plaintiff filed a timely request for review of the ALJ's decision, (R. at 5), which the Appeals Council denied on February 1, 2008. (R. at 2). Having exhausted her administrative remedies, Plaintiff filed the instant action under 42 U.S.C. §405(g) on March 3, 2008, seeking judicial review of the decision of the Commissioner denying her application. (Docket No. 3).

### III. Standard of Review

When reviewing a decision denying DIB and SSI, the District Court's role is limited to determining whether substantial evidence exists in the record to support the ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "more than mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Pareles, 402 U.S 389,

401 (1971)). Additionally, if the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 205(g); Richardson, 402 U.S. at 390. A district court cannot conduct a *de novo* review of the Commissioner's decision nor re-weigh evidence of record. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998). Rather, so long as the ALJ's decision is supported by substantial evidence and decided according to the correct legal standards, the decision will not be reversed. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

Plaintiff makes several arguments in challenging the ALJ's decision. First, Plaintiff contends that the ALJ's denial cannot stand because she disregarded the heightened duty of care owed to Plaintiff as an unrepresented claimant. Plaintiff further argues that the ALJ failed to give proper weight to evidence of Plaintiff's severe mental health impairments, as documented by her health providers at Turtle Creek Valley Mental Health. To that end, Plaintiff specifically argues that the ALJ failed to discuss or give any indication that she considered evidence of Plaintiff's Global Assessment Functioning ("GAF") scores and relied on outdated state agency evaluations as a basis for denying benefits. As a result of these errors by the ALJ, Plaintiff contends, the ALJ posed "inaccurate" hypothetical questions to the vocational experts. As such, Plaintiff argues that the ALJ had insubstantial evidence on which to base her denial.

In response, the Commissioner argues that the ALJ complied with her duty and appropriately developed the record and furthermore gave Plaintiff ample opportunity to offer medical evidence in support of her claims. He further argues that there is substantial evidence to support the ALJ's determination that Plaintiff was not disabled, regardless of her consideration of the GAF score.

4

Finally, the Commissioner contends that the ALJ posed a "complete" hypothetical question to the vocational experts at the hearing and, therefore, had substantial and appropriate evidence on which to base her decision.

IV.     **Discussion**

Under the SSA, disability is defined as the:

> Inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months ...

42 U.S.C. §§416(i)(1)(A); 423(d)(1)(A); 20 C.F.R. 404.1505. See also Ramirez v. Barnhart, 372 F.3d 546, 550 (3d Cir. 2004). A person is unable to engage in substantial activity when she:

> is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [s]he lives, or whether a specific job vacancy exists for [her] or whether [s]he would be hired if [s]he applied for work. ...

42 U.S.C. §423(d)(2)(A).

In determining whether a claimant is disabled under the SSA, a five-step sequential evaluation process must be applied. 20 C.F.R. §404.1520. See McCrea v. Commissioner of Social Security, 370 F.3d 357, 360 (3d Cir. 2004). Under this process, the ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or a combination of impairments that is severe; (3) whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., pt. 404 subpt. P., appx. 1; (4) whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past

relevant work, whether she can perform any other work which exists in the national economy. 20 C.F.R. §404.1520(a)(4).

The ALJ made the following findings in support of her decision to deny Plaintiff's claims: (1) Plaintiff had not engaged in substantial gainful activity since December 24, 2004, the alleged onset date; (2) Plaintiff has the following severe impairments: disorders of the back and a mood disorder; (3) Plaintiff does not have an impairment or combination of impairments that equals one of the listed impairments; (4) Plaintiff does not have the residual functional capacity to perform any past relevant work; and (5) Plaintiff has the residual functional capacity to perform light work.[1] (R. at 9-20).

Plaintiff's summary judgment motion raises the following issues:

1. Whether the ALJ fulfilled the heightened duty of care owed to Plaintiff as an unrepresented claimant to fully develop the record.

2. Whether the ALJ afforded the medical evidence of Plaintiff's treating physician appropriate weight in determining that Plaintiff was not disabled.

3. Whether the ALJ posed an adequate hypothetical to the VE.

I will discuss each of these issues, in turn.

**1.     Whether the ALJ fulfilled the heightened duty of care owed to Plaintiff as an unrepresented claimant to fully develop the record.**

---

[1] "Light" work is work that involves:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a fully or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §404.1567(b).

Plaintiff contends that the ALJ "inexcusably disregarded the legally imposed 'heightened duty of care'" to Plaintiff, as an unrepresented claimant. (Docket No. 11 at 2). Specifically, Plaintiff argues that Defendant failed to fully develop the record and to ensure that she received a full and fair hearing, by failing to secure current medical records from her mental health care provider. (Id. at 9-10). Plaintiff further argues that there was clear prejudice and unfairness to her at the administrative hearing. (Id. at 10-11). In response, Defendant argues that the ALJ complied with her duty to develop the record because she obtained relevant medical records dated through May 2005, four months before the ALJ's decision. (Docket No. 13 at 11). Moreover, Defendant argues, Plaintiff has failed to provide evidence that she was prejudiced by the ALJ's failure to develop the record. (Id. at 10-11).

When a claimant is unrepresented by counsel, the ALJ has a heightened duty to develop a full and fair record before making a determination regarding SSI. Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003); Dobrowolsky v. Califano, 606 F.2d 403 (3d Cir. 1979). When a claimant is unrepresented, "the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." Id. (quoting Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985)) (quotations omitted). This heightened standard applies equally where the claimant has waived his or her right to appear at a hearing before the ALJ. Kattes v. Califano, 496 F.Supp. 385, 389 (E.D. Pa. 1980). The adequacy of an ALJ's investigation is determined on a case-by-case basis. Id. (citing Lashley v. Secretary of HHS, 708 F.2d 1048, 1052 (6th Cir. 1983)). "The essential inquiry is whether 'the incomplete record reveals evidentiary gaps which result in prejudice to the claimant.'" Massey v. Astrue, Civil Action No. 07-426, 2008 WL 4425853 at *2 (W.D. Pa. September 30, 2008) (quoting Gauthney v. Shalala, 890 F.Supp. 401, 410 (E.D. Pa. 1995)).

While Plaintiff argues that the ALJ's failure to obtain medical records after the date of Plaintiff's application resulted in prejudice and unfairness at the administrative proceedings, an ALJ's failure to obtain relevant medical records will not automatically result in remand. Massey, 2008 WL 4425853 at *3. Rather, the plaintiff is required to show that he or she has been prejudiced by the ALJ's failure to secure relevant records. Id.

In this case, Plaintiff has failed to offer any additional medical evidence showing that she was prejudiced by the ALJ's failure to secure further medical evidence from Plaintiff's treating physicians. Nor has she offered any other evidence that the ALJ failed to secure relevant evidence. As such, she has not met her burden of showing that the ALJ failed to properly develop the record. See e.g., Massey, 2008 WL 4425853 at *3; Weakland v. Astrue, Civil Action No. 08-22, 2009 WL 734713 at *7 (W.D. Pa. March 19, 2009) (holding that, "[a]s plaintiff has failed to demonstrate prejudice or unfairness in the administrative proceeding resulting from her lack of counsel, the court finds that a remand would be inappropriate in this case"); Nelson v. Apfel, 131 F.3d 1228, 1235 (7th Cir.1997) (quoting Binion v.Shalala, 13 F.3d 243, 246 (7th Cir. 1994)) ("Mere conjecture or speculation that evidence might have been obtained in the case is insufficient to warrant remand").

Because Plaintiff has not shown that she was prejudiced by the ALJ's failure to develop the record, remand is not appropriate on this issue.

### 2. Whether the ALJ afforded the medical evidence of Plaintiff's treating physician appropriate weight in determining that Plaintiff was not disabled.

Plaintiff argues that, in determining that Plaintiff's mental health impairments are not disabling, the ALJ failed to afford evidence provided by Plaintiff's mental health care providers proper weight. (Docket No. 11 at 16). Specifically, Plaintiff argues that the ALJ's determination is

not supported by substantial evidence because she made "impermissible speculative inferences from the medical reports." (Id. at 20). Additionally, Plaintiff contends that the ALJ failed to give substantial reason for rejecting certain medical evidence and failed to meet her duty to consider all medical evidence of record. (Id. at 21). Specifically, Plaintiff argues that the ALJ failed to consider or discuss her GAF scores, and relied upon an outdated report of the State Agency physician, as opposed to the statements of Plaintiff's treating physicians in making her determination. (Id.)

Defendant argues that the ALJ properly considered the medical evidence of record. Specifically, Defendant argues that the ALJ discussed the opinion of Plaintiff's mental health care providers that Plaintiff is unable to work. (Docket No. 13 at 14). Moreover, Defendant argues that the ALJ was not required to specifically discuss Plaintiff's GAF scores or to give explanation for her rejection of them. (Id. at 14-15). Additionally, Defendant contends that, regardless of Plaintiff's GAF scores, substantial evidence supports the ALJ's finding that Plaintiff is not disabled. (Id.)

As the finder of fact, the ALJ is required to review, properly consider and weigh all of the medical records provided concerning the claimant's claims of disability. Fargnoli, 247 F.3d at 42 (citing Dobrowolsky v. Califano, 606 F.2d 403, 406-07 (3d Cir.1979)). "In doing so, an ALJ may not make speculative inferences from medical reports." Plummer, 186 F.3d at 148 (citing Smith v. Califano, 637 F.2d 968, 972 (3d Cir.1981)). Indeed, the ALJ may not substitute his own opinions for the opinions of an examining physician. Id. (citing Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985)). When the medical evidence of records conflicts, " the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" Id. (citing Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir.1993)). Moreover, the ALJ must consider all the evidence and give some

reason for dismissing the evidence he chooses to reject. Id. (citing Stewart v. Secretary of H.E.W., 714 F.2d 287, 290 (3d Cir.1983)).

In evaluating whether Plaintiff's impairment meets or equals one of the listed impairments and in determining the Plaintiff's residual functional capacity,[2] the ALJ considered the fact that Plaintiff has not been hospitalized for her psychiatric problems and that the mental health treatment Plaintiff received began in 2005. In addition, the ALJ considered the clinical notes dated January 7, 2005 through May 31, 2007 from Dr. Manohar Shetty, M.D. and Susan Stay, LCSW, Plaintiff's psychiatrist and counselor, respectively, at the Turtle Creek Valley Mental Health Center. ("Turtle Creek Valley MH/MR") (R. at 7). The ALJ concluded from these notes that Plaintiff "was experiencing family and economic problems, which appear to have contributed to her mental problems." (Id.) Specifically in regard to records from Susan Stay, the ALJ stated:

> [t]he claimant has received mental health treatment from Turtle Creek Valley Mental Health Center. Clinical notes dated January 7, 2005, through May 31, 2007, from psychiatrist, Manohar Shetty, M.D. and counelor, Susan M. Stay, LCSW, show a diagnosis of bipolar disorder, major depressive disorder, major depression and anxiety. The claimant was experiencing family and economic problems, which appear to have contributed to her mental problems. In addition to counseling sessions, the claimant was being prescribed Cymbalta, Xanax, Klanopin and Risperdal. On May 31, 2007, it was Ms. Stay's opinion that the claimant was unable to work secondary to her housing, transportation and domestic issues.

(R. at 14).Additionally, in considering the evidence provided by Plaintiff's mental health care treatment providers, the ALJ stated:

> I have given controlling weight to the collective evidence of treating psychiatrist, Manohar Shetty, M.D., and counselor, Susan M. Stay, LCSW. Dr. Shetty offered no

---

[2] "'Residual Functional Capacity is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001) (quoting Burnett v. Commissioner of Social Security, 220 F.3d 112, 121 (3d Cir. 2000)) (quotations omitted); 20 C.F.R. §404.1525(a)(1).

opinion as to whether [Plaintiff] could work. ... I have given no weight to the statement of Ms. Stay on May 31, 2007, that the claimant was unable to work. This statement is not based on symptoms of the claimant's mental health but, rather, was based on her lack of transportation, housing issues and domestic issues. Therefore I reject Ms. Stay's statement but accept her mental health treatment notes.

(R. at 9). In her determination, the ALJ stated that she also considered the opinion evidence of the State Agency medical personnel, including the State Agency psychologist and the State Agency physician and gave it "great weight":

> The State Agency psychologist opined that the [Plaintiff's] alleged mental impairment(s) was 'severe' but not disabling. The State Agency physician opined that the claimant was capable of performing work at least at the light exertional level. I have determined that these opinions are consistent with the other clinical data of record.

(R. at 9).

I find that remand is appropriate because the ALJ failed to properly consider the medical records pertaining to Plaintiff's treatment by Dr. Shetty and Susan Stay. Specifically, while the ALJ stated that she considered and gave controlling weight to the opinion of Dr. Shetty, she does not, in her determination specifically outline which evidence she considered and why she determined, based on that evidence, that Plaintiff is not disabled. The ALJ's determination does not specifically address any of the records provided by Turtle Creek Valley MH/MR. Rather, the ALJ merely stated that she gave the records controlling weight, then subsequently determined that Plaintiff has the residual functional capacity to perform light work. (R. at 16-17).

The medical records from Turtle Creek Valley MH/MR, and specifically the treatment notes of Dr. Shetty, indicate that Plaintiff has had GAF scores as low as 40 and as high as 45 during the

11

relevant time period. (R. at 213; 214; 220; 261; 265). The GAF[3] scale "constitutes medical evidence accepted and relied upon by a medical source and must be addressed by an ALJ in making a determination regarding a claimant's disability." Colon v. Barnhart, 424 F.Supp. 2d 805, 812 (E.D. Pa. 2006). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... he must consider all of the evidence and give some reason for discounting the evidence he rejects.'" Id. (quoting Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994)). A GAF score between 31 and 40 indicates a major impairment in several areas, including work, school, family relations, judgment, thinking or mood. DSM-IV-TR at 32. A GAF score between 41 and 50 indicates serious symptoms related to social, occupational or school functioning. Id. In her determination, the ALJ fails to discuss Plaintiff's low GAF scores. Indeed, while the ALJ states that she relied on Dr. Shetty's (a treating physician) treatment notes in determining that Plaintiff's impairment does meet one of the impairments listed in 20 C.F.R. Part 404, Subpt. p., appdx. 1, as well as in determining Plaintiff's residual functional capacity, she does not discuss Plaintiff's low GAF scores, or how said scores factored into her decision. See e.g., Watson v. Astrue, Civil Action No. 08-1858, 2009 WL 678717 at *6 (E.D. Pa. March 13, 2009) (citations omitted) (noting that case law provides that "remand is necessary when an ALJ fails to specifically discuss GAF scores"). While the ALJ may afford the opinions and records provided by Dr. Shetty, Plaintiff's treating psychiatrist, lesser or no weight if it is inconsistent with other medical evidence of record, see 20 C.F.R. §404.1527(d)(3), the ALJ must give specific reasons for rejecting those opinions. Plummer, 186 F.3d at 148.

---

[3] GAF scores are used by mental health care providers to subjectively rate the social, occupational and psychological functioning of adults. The scores are found in the DSM-IV-R. Diagnostic and Statistical Manual of Mental Disorders, (4th ed.2000).

Additionally, while the opinion of Ms. Stay, dated May 31, 2007, that Plaintiff is unable to work, is the opinion of a non-acceptable medical source, see Williams v. Apfel, 98 F.Supp. 2d 625, 631 (E.D. Pa. 2000)), evidence of the opinion of a treating therapist can nonetheless be probative and acceptable information to supplement medical sources. Id. (citing 20 C.F.R. § 404.1513(e)). See also § 404.1513(e). On May 31, 2007, it was Susan Stay's opinion that Plaintiff's transportation, domestic and economic issues were a barrier to her treatment and that Plaintiff's is unable to work in any capacity. While the ALJ addressed this opinion, she determined that Ms. Stay's opinion was that secondary to Plaintiff's lack of transportation and domestic issues, she is unable to work. (R. at 17). However, the ALJ misread Ms. Stay's opinion. It was Ms. Stay's opinion in her treatment notes and in the letter provided to the ALJ that Plaintiff's treatment suffered as a result of her transportation and domestic issues and that said issues were a barrier to her ability to comply with the treatment. (R. at 191). While the ALJ may dismiss certain evidence, she may not reject that evidence for wrong reasons. Plummer, 186 F.3d at 148 (citing Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir.1993)).

Moreover, while the ALJ purportedly gave greater weight to the opinion of the consultative examining physician, Dr. Alexandra Hope, (R. at 17), the ALJ fails to address how Dr. Hope's physical examination of Plaintiff led to the conclusion that Plaintiff's mental impairments do not meet the requirements of the listings. Nor does her determination appropriately address why, based on Dr. Hope's opinion, she determined that Plaintiff has the residual functional capacity to perform light work, despite her mental health problems. While I find there is substantial evidence from which the ALJ could have determined, from Dr. Hope's opinion and the medical evidence as a whole, that Plaintiff's back problems are not disabling, Dr. Hope's treatment notes provide little

13

information related to Plaintiff's mental health problems. Moreover, her opinion that Plaintiff has the ability to perform light work, despite said mental health issues, are inconsistent with the opinions of Dr. Shetty and Susan Stay. As such, the ALJ was required to give specific reasons as to why she accepted Dr. Hope's opinion and rejected those of Plaintiff's treating physician and therapist. Plummer, 186 F.3d at 148; Fargnoli, 247 F.3d at 42. See also, e.g., Dixon v. Barnhart, No. Civ. A. 03-5291, 2005 WL 113411 at *5-6 (E.D. Pa. January 19, 2005).

Because the ALJ failed to properly evaluate all of the relevant medical evidence (in particular, that of Plaintiff's treating physicians) by failing to give specific reasons for accepting or rejecting that evidence, her determination must be remanded for further consideration.

### 3. Whether the ALJ posed an adequate hypothetical to the VE

Plaintiff argues that the ALJ's decision is not supported by substantial evidence, insofar as the above mentioned errors by the ALJ lead her to rely on an inaccurate hypothetical question to the VE. (Docket No. 11 at 25). More specifically, Plaintiff alleges that the hypothetical question posed to the VE concerning the availability of jobs in the economy did not adequately describe Plaintiff's work-related limitations, including those caused by her anxiety, depression and paranoia. (Id.) Therefore, Plaintiff argues, the ALJ's determination was deficient. (Id.)

In response, Defendant argues that the ALJ posed a complete hypothetical question to the VE. (Docket No. 13 at 17). Specifically, Defendant argues that the ALJ properly evaluated the evidence of record and, based on said evidence, posed a complete hypothetical question to the VE. (Id. at 18).

In determining whether, based on the Plaintiff's age, education, work experience, and

RFC, there are jobs that exist in the national economy that she can perform, the ALJ considered the testimony of a vocational expert. (R. at 11). The ALJ, based on the above discussed determinations, posed the following hypothetical question to the vocational expert:

> Assume that I find the claimant is 50 ...And has a twelfth grade education. Assume further that I find she can perform light work, but is further limited by the following. The first one would be to lift and carry no more than 20 pounds; the second, to push and pull limiting her lower extremities; the third one, to deal with the public; the fourth one to have minimal interaction with peers and supervisors; the fifth one, top cope with stress in emergency situations; the sixth one, to make complex decisions; the seventh, to follow detailed instructions; the eighth, to be exposed to heights; the ninth, to be exposed to machinery. With this limitation, could this individual perform her past relevant work or any other job in the national economy? ...

(R. at 28). The vocational expert responded that, while the Plaintiff could not do her past relevant work, there would other jobs in the national economy, which the Plaintiff could perform: "Examples could be that of cleaning jobs ... there are light packing jobs ... light assembly jobs ... ." (R. at 28). As such, the ALJ found that the Plaintiff is "not disabled" under the Medical- Vocational Guidelines framework. (R. at 11).

"A hypothetical question must reflect all of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence." Chrupcala v. Heckler, 820 F.2d 1269, 1276 (3d. Cir. 1987) (citing Podedworny v. Harris, 745 F.2d 210 (3d. Cir. 1984)).

As discussed above, the ALJ failed to properly evaluate the medical evidence provided by Plaintiff's treating physician and treating therapist. In this case, the ALJ posed a hypothetical question that included her evaluation of the medical evidence of record. However, as the ALJ's determination does not indicate that she properly evaluated the medical evidence of record, she did

15

not pose a proper question to the VE. See e.g., Corona v. Barnhart, 431 F.Supp. 2d 506, 516 (E.D. Pa. 2006). As such, on remand, the ALJ must consider all of the evidence of record and pose a hypothetical question that is supported by the record.

## V.  Conclusion

Based on the foregoing, Plaintiff's motion for summary judgment is granted and Defendant's motion for summary judgment is denied. This case will be remanded to the ALJ for further consideration consistent with this opinion. An appropriate order follows.

By the court,

s/ Donetta W. Abrose
Donetta W. Ambrose,
Chief United States District Judge

Dated: April 28, 2009

cc:   All counsel of record.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY LANZA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-301 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER | ) | |
| OF SOCIAL SECURITY | ) | |
| Defendant. | ) | |

AMBROSE, Chief District Judge.

## ORDER

AND now, this 28th day of April, 2009, for the reasons set forth in the accompanying opinion, it is hereby ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is granted and Defendant's Motion for Summary Judgment (Docket No. 12) is denied. This case is remanded to the ALJ for further consideration, consistent with this Court's opinion.

By the court,

s/ Donetta W. Abrose
Donetta W. Ambrose,
Chief United States District Judge

Dated: April 28, 2009

cc:   All counsel of record.